1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY JONES,
Booking No. 14715955, et al.,

Plaintiffs,

vs.

VISTA DETENTION FACILITY;
SAN DIEGO SHERIFF DEPARTMENT,

Defendants.

Civil No.    15cv0820 GPC (BGS)

**ORDER:**

**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**
**[ECF Doc. No. 2]**

**AND**

**(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)**

Michael Anthony Jones ("Plaintiff"), who is currently detained at the George Bailey Detention Facility, and is proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1).

Plaintiff has not prepaid the filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a); but rather has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

/ / /

-1-

15cv0820 GPC (BGS)

## I.      Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of [his] trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

---

[1]   In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, as well as the attached institutional certificate verifying his available balances. Plaintiff's statements show that he had average monthly deposits of $25.00 to his account, and an average monthly balance of $4.87 during the 6-month period preceding the filing of this action.  Thus, the Court assesses Plaintiff's initial partial filing fee at $5.00 pursuant to 28 U.S.C. § 1915(b)(1) and will direct officials to collect it only if funds are available to cover that amount at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2), and will direct the Watch Commander to collect the entire $350 balance of the filing fees mandated by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A(b)**

**A.     Standard of Review**

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these screening statutes, the Court must sua sponte dismiss complaints, or any portions thereof,

1    which are frivolous, malicious, fail to state a claim, or which seek damages from

2    defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v.*

3    *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v.*

4    *Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

5         All complaints must contain "a short and plain statement of the claim showing that

6    the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not

7    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

8    mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

9    (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether

10   a complaint states a plausible claim for relief [is] . . . a context-specific task that requires

11   the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere

12   possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also*

13   *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

14        "When there are well-pleaded factual allegations, a court should assume their

15   veracity, and then determine whether they plausibly give rise to an entitlement to relief."

16   *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

17   ("[W]hen determining whether a complaint states a claim, a court must accept as true all

18   allegations of material fact and must construe those facts in the light most favorable to

19   the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that

20   § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

21        However, while the Court "ha[s] an obligation where the petitioner is pro se,

22   particularly in civil rights cases, to construe the pleadings liberally and to afford the

23   petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

24   2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not

25   "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents*

26   *of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

27   ///

28   ///

**B.      San Diego County Sheriff's Department**

In this case, because Plaintiff names the "Vista Detention Facility" and the "San Diego County Sheriff's Department" as the only Defendants in his Complaint, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failing to state a claim upon which § 1983 relief can be granted. *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

A local law enforcement department is not a proper defendant under § 1983.  *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.'  Cook County Jail is not a 'person.'").

It appears that Plaintiff may be attempting to hold the County of San Diego liable for the actions alleged in his Complaint.  However, the County may be held liable only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality, or a "final decision maker" for the municipality. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978)); *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).  In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002).

"A municipality cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691; *Navarro*, 72 F.3d at 714. Instead, to allege a claim of municipal liability, Plaintiff must include in his pleading enough "factual content" to support a reasonable inference to show that:  (1) he was deprived of a constitutional right; (2) the county had a policy; (3) the policy amounted to deliberate indifference to his

constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also Iqbal*, 556 U.S. at 678; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

As currently pleaded, however, Plaintiff's Complaint fails to state a claim under 28 U.S.C. §§ 1915(e)(2) and § 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that his constitutional rights were violated pursuant to any municipal custom, policy, or practice implemented or promulgated with deliberate indifference to his constitutional rights, or that such a policy was the "moving force"or cause of his injury. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims); *Brown*, 520 U.S. at 404 ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights.").

## III.   Conclusion and Order

Good cause appearing, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

2.   **DIRECTS** the Watch Commander at the George Bailey Detention Facility, or his designee, to collect from Plaintiff's trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California 92158.

4.     **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** Plaintiff sixty (60) days leave from the date of this Order in which to re-open this case by filing an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, this civil action shall remain dismissed without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5.     The Clerk of Court is directed to mail a copy of a court approved civil rights complaint form.

**IT IS SO ORDERED**.

DATED:  May 7, 2015

HON. GONZALO P. CURIEL
United States District Judge

15cv0820 GPC (BGS)